IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD DARNELL WALLACE,

    Plaintiff,                   No. CIV 10-2252 WBS KJM P

    vs.

CALIFORNIA MEDICAL FACILITY,
et al.,

    Defendants.           ORDER
_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be

1

collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

(2007), and construe the complaint in the light most favorable to the plaintiff, see <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

Many portions of plaintiff's complaint are difficult to comprehend: the narrative has little punctuation and no paragraphing. From this mass of material, it appears that plaintiff alleges that he should be housed at a level I facility but because of his mental health problems, he has been assigned to CMF, which is a level III facility. At CMF he has been housed with violent inmates and has been assaulted as a result but has not received adequate medical care for the injuries he suffered. In addition, the Interdisciplinary Treatment Team (IDTT) refused to give him adequate programming, which in turn meant he could not be sent to the CMF Ranch, which is a level I facility. Even though the Warden of CMF said he was "an out-of-place inmate-patient at C.M.F.," Correctional Counselors Taylor and May and Captain Duncan refused to have plaintiff brought to a classification committee for appropriate placement.

He also alleges that Correctional Counselor Vaden altered and falsified documentation in his mental health records and his C-file and that his present custody is, in part, because of these falsifications and because of the harassment of Fairfield parole staff.

Finally, plaintiff claims that Parole Agent Amaro has imposed illegal special parole conditions on him, which has caused him to be incarcerated illegally.

In general, the Constitution does not create a liberty interest in prison-inmate classification. <u>Meachum v. Fano</u>, 427 U.S. 215, 225 (1976) ("[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose"); <u>but see</u> <u>Wilkinson v. Austin</u>, 545 U.S. 209, 221 (2005) (inmate entitled to some due process protections before placement in "super max" prison). These allegations should not be included in any amended complaint.

Prison officials do have an obligation to keep inmates safe from attack by other inmates. There is no liability, however, "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the

inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan. 511 U.S. 825, 837 (1994). Plaintiff has not suggested that the officials who approved his placement knew or even suspected he was subject to assault as a result of his placement in CMF or even named those who were responsible for his original placement in CMF. Plaintiff will be given the chance to amend this portion of his complaint.

An inmate states a claim for a violation of his Eighth Amendment rights when he alleges that prison officials have been deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Plaintiff's allegations are too conclusory for the court to determine whether he has stated an Eighth Amendment claim, if he can do so while complying with Federal Rule of Civil Procedure 11.

There is only a limited constitutional right to avoid the placement of false information in a prison file. Paine v. Baker, 595 F.2d 197, 201 (4th Cir. 1979) (false information in a file is actionable only if it is relied upon to a constitutionally significant degree); but see Velasquez v. Woods, 329 F.3d 420, 421-22 (5th Cir. 2003) (no constitutional right to expunge false information from prison file); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) (allegation that filing a false disciplinary charge against an inmate is not actionable under § 1983 where procedural due process protections are provided). In this case, plaintiff alleges that the false information has led to his misclassifcation, which is not "constitutionally significant." These allegations also should not be included in any amended complaint.

Finally, plaintiff's claim that he has been subject to improper parole conditions is too conclusory to state a claim. Moreover, to the extent that plaintiff appears to allege that he should be released from custody because of these conditions, the claim is not cognizable in a civil rights action.

In sum, the court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain

statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint, as indicated, subject to Federal Rule of Civil Procedure 11.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

/////
/////
/////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (docket no. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: October 12, 2010.

/s/ [signature]
U.S. MAGISTRATE JUDGE

2
wall2252.14

6